UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EXAMWORKS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>BRITTANY TAUBER<br><br>and<br><br>DANE STREET LLC<br><br>          Defendants. | Case No. |

# COMPLAINT

Plaintiff ExamWorks, LLC ("ExamWorks"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Complaint against Defendants alleges as follows:

## INTRODUCTION

1.  ExamWorks brings this action for a permanent injunction and damages in order to enforce and protect its rights against Brittany Tauber and Dane Street LLC. In addition, ExamWorks seeks to enforce Brittany Tauber's obligations pursuant to the terms of the Non-Solicitation and Confidential Protection Agreement executed by Brittany Tauber (the "Agreement").

## PARTIES JURISDICTION AND VENUE

2.  ExamWorks is a limited liability corporation properly formed under the laws of the State of Delaware with its principal place of business located at 3280 Peachtree Road, Suite 2625, Atlanta, GA 30305.

3.  Brittany Tauber ("Tauber") is a citizen of the State of New York residing at 280 N. Kings Avenue Massapequa, NY 11758.

4.  Dane Street LLC ("Dane Street") is a corporation formed under the laws of the State of Massachusetts with its principal place of business located at 3815 Washington Street, Suite 4, Boston, MA 02130.

5.  This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

6.  Alternatively, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Defend Trade Secrets Act of 2016, U.S.C. § 1836, as amended under Delaware law. This Court has supplemental or pendent jurisdiction over ExamWorks' remaining claims under 28 U.S.C. §1367.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Tauber and ExamWorks expressly agreed that the state and federal courts in the State of Delaware have exclusive jurisdiction over any action arising out of the Agreement, and waived any defense to personal jurisdiction and venue in such courts. This Court also has personal jurisdiction over Dane Street because upon information and belief, Dane Street has and continues to have, continuous and systematic business contacts with the State of Delaware, as it directly, and through agents, representatives, subsidiaries or intermediaries, has conducted and continues to conduct business in and throughout Delaware. Upon information and belief, Dane Street has purposely availed itself of the benefits and protections of the State of Delaware by marketing, selling, and providing goods and services to residents in this district.

8. ExamWorks operates throughout the United States as a provider of independent medical examinations, peer reviews, bill reviews, amongst other services, to the insurance and legal industries, third-party administrators, self-insured parties, and federal and state agencies.

## FACTS COMMON TO ALL COUNTS

9. ExamWorks employed Tauber from approximately January 25, 2017, to September 6, 2018.

10. During her tenure at ExamWorks, Tauber served as ExamWorks' Client Coordinator. In that capacity, Tauber was responsible for servicing inquiries from clients, physicians, nurses or any representative acting on behalf of an ExamWorks' clients. She was also responsible for ensuring ExamWorks' client relationships were maintained.

11. Tauber's duties at ExamWorks included, but were not limited to:

- Handles and responds to inquiries from clients and/or anyone acting on behalf of the client regarding questions, report status, concerns, or general requests for information.

- Utilizes ExamWorks' unique systems and databases to enter client or examinee information and or retrieve information, as needed.

- Works independently and in partnership with other team members to ensure that client questions are addressed, documented, and cases are returned in a timely fashion.

- Assists in resolution of customer complaints and quality assurance issues.

- Ensures ExamWorks' practices are carried out in accordance with state and federal safety and legal regulations.

12. During her employment with ExamWorks, Tauber had access to confidential information and other valuable resources and assets of ExamWorks to which she would not have had access but for her employment. Tauber was also made aware that a requirement of her position was to maintain confidentiality.

980847v.1

13. The confidential information to which Tauber had access solely by virtue of her employment includes, but is not limited to, company business plans, operations, products, strategies, marketing, sales, inventions, designs, costs, legal strategies, finances, employees, company customers, prospective customers, customers' particularized preferences and needs, identity of key contacts, company licensees and licensors, and company revenue, rates and profit margin.

14. Tauber executed the Agreement on January 20, 2017.

15. As consideration for ExamWorks' entering into the Agreement and undertaking its obligations to Tauber provided therein, Tauber agreed to protect ExamWorks' legitimate interests in protecting its competitive advantage by preserving and protecting the confidentiality of information and business relationships to which Tauber was given access by virtue of her employment and/or for the development of which she was fairly compensated.

16. By executing the Agreement, Tauber agreed to non-disclosure of Confidential Information, including but not limited to the information described above in paragraph 13 of the Complaint.

17. In addition, by executing the Agreement, Tauber agreed to non-solicitation of ExamWorks' employees and consultants for a period of two (2) years after termination of her employment with ExamWorks.

18. Per the Agreement, Tauber also agreed to the provision that she would not solicit ExamWorks' customers following separation from ExamWorks. She specifically agreed that she would not engage in any conduct which could in any way jeopardize or disturb any of the company's customer relationships. She also specifically agreed that for a period of two years after termination of employment, regardless of the reason, she shall not, directly or indirectly, market,

980847v.1

offer, sell or otherwise furnish any products or services similar to, or otherwise competitive with, those offered by ExamWorks to customers or prospective customers.

19. Tauber tendered her resignation from ExamWorks, effective September 6, 2018.

20. On September 25, 2018, counsel for ExamWorks sent a letter to Tauber reminding her of the terms of the Agreement, demanding that she honor the terms of the Agreement (the "Demand Letter").

21. Tauber did not and has not complied with the Demand Letter.

22. Tauber has accepted employment with Dane Street, which is a direct competitor of ExamWorks.

23. ExamWorks has learned that, as an employee of Dane Street, Tauber has made use of ExamWorks' Confidential Information in violation of her non-solicitation obligation, which has resulted or will result in immediate and irreparable harm to ExamWorks.

24. Upon information and belief, Tauber has continued and will continue to solicit clients of ExamWorks in violation of the Agreement, which has and will continue to cause ExamWorks a marked depreciation of business.

### COUNT I
### Breach of Contract
### (*Against Defendant Tauber*)

25. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

26. The Agreement constitutes a valid and enforceable contract between Tauber and ExamWorks.

27. Tauber has taken a position with a direct competitor of ExamWorks which engages in a Restricted Business as defined by the Agreement.

28. Tauber has acted and continues to act in violation of her duties and obligations under the Agreement through her attempts to compete with ExamWorks in violation of the Agreement, constituting a breach.

29. ExamWorks has been damaged and will be further damaged by Tauber's conduct in violation of the Agreement in an amount to be determined at trial.

**COUNT II**
**Tortious Interference with**
**Prospective Economic Advantage**
(*Against All Defendants*)

30. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

31. Dane Street intentionally induced, and continues to intentionally induce Tauber to breach her contractual responsibilities and solicit business from ExamWorks' clients and prospective clients.

32. Dane Street's actions in inducing these breaches of contract were and are without justification, intentional, illegal, and have been engaged in for the specific purpose of interfering with ExamWorks' prospective economic advantage.

33. This interference has, or will, cause ExamWorks to incur damages through the loss of customers on account of Tauber's association with and solicitation of clients for Dane Street.

34. This interference has, or will, cause ExamWorks damages through the leveraging of proprietary information possessed by Dane Street with regards to Plaintiff's products, costs, pricing, and business relationships by a direct competitor.

35. The foregoing conduct constitutes a past, present and continuing interference with ExamWorks' present and prospective economic advantage.

36. Accordingly, ExamWorks has been damaged in an amount to be determined at trial.

## COUNT III
### Tortious Interference with Contract
*(Against Defendant Dane Street)*

37. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

38. Tauber entered into an Agreement with ExamWorks, which contains confidentiality and use restrictions prohibiting the disclosure of confidential information, as well as non-competition and non-solicitation restrictions.

39. Dane Street is aware of the Agreement and the obligations imposed on Tauber.

40. Dane Street intentionally induced, and continues to intentionally induce Tauber to breach her contractual responsibilities and solicit business from ExamWorks' clients and prospective clients.

41. Dane Street's actions in inducing these breaches of contract were and are without justification, intentional, illegal, and have been engaged in for the specific purpose of inducing Tauber to breach her Agreement with ExamWorks.

42. As a proximate result of Dane Street's tortious interference with contractual relations, ExamWorks has been damaged, and Dane Street has been unjustly enriched, in an amount to be determined at trial.

## COUNT IV
### Unfair competition
*(Against All Defendants)*

43. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

-7-

980847v.1

44. ExamWorks devoted substantial amounts of time, effort, money, talent, and creativity to the development of confidential proprietary information and maintain the secrecy of trade secrets, including by requiring confidentiality and/or nondisclosure agreements to be signed by any party granted access to such information, which includes, but is not limited to, company business plans, operations, products, strategies, marketing, sales, inventions, designs, costs, legal strategies, finances, employees; company customers, prospective customers, customers' particularized preferences and needs, identity of key contacts, company licensees and licensors, and company revenue, rates and profit margin.

45. This confidential and proprietary information and trade secrets, which belong exclusively to ExamWorks, are of substantial economic value and have conferred a competitive advantage on ExamWorks.

46. Defendants have misappropriated ExamWorks' property (*i.e.*, ExamWorks' trade secrets and other confidential and proprietary information) to unfairly compete against ExamWorks.

47. ExamWorks has no adequate remedy at law. Unless enjoined by this Court, Defendants' acts of unfair competition will continue and ExamWorks will continue to suffer irreparable harm.

### COUNT V
### Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836)
*(Against All Defendants)*

48. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

49. ExamWorks is the owner of the trade secrets related to its role as a provider of independent medical examinations, peer reviews, and bill reviews, amongst other services.

These Trade Secrets are related to ExamWorks' products and services that are used in or intended for use in interstate or foreign commerce and include but are not limited to, company business plans, operations, products, strategies, marketing, sales, inventions, designs, costs, legal strategies, finances, employees, company customers, prospective customers, customers' particularized preferences and needs, identity of key contacts, company licensees and licensors, and company revenue, rates and profit margin.

50. Tauber was in possession of the foregoing Trade Secrets and subject to Confidentiality and Non-Compete Agreements in which she (1) expressly acknowledged and confirmed the confidential nature of these Trade Secrets; (2) agreed to maintain the confidentiality of the Trade Secrets; and (3) agreed not to use the Trade Secrets for her own purposes.

51. Tauber's disclosure of the Trade Secrets to Dane Street, as well as her use of the Trade Secrets outside the scope of employment with ExamWorks, constitutes breaches of the Agreement.

52. Tauber knowingly and improperly used and disclosed such Trade Secrets and confidential information in violation of her duties, including but not limited to those provided in Agreement.

53. Dane Street misappropriated the Trade Secrets by knowingly acquiring the Trade Secrets through improper means, namely, by inducing Tauber to breach her duty to maintain the secrecy of the Trade Secrets. Dane Street also misappropriated the Trade Secrets by disclosing and using the Trade Secrets without ExamWorks' express or implied consent after knowingly using improper means to acquire knowledge of the Trade Secrets.

54. The Defendants' use and disclosure of the Trade Secrets constitutes misappropriation because at the time of such use and disclosure, Tauber owed a duty to

ExamWorks to maintain secrecy, and limit the use of, the Trade Secrets. Tauber's knowledge of ExamWorks' Trade Secrets was derived solely by virtue of her employment with ExamWorks.

55. Tauber misappropriated the Trade Secrets by disclosing and using the Trade Secrets without ExamWorks' express or implied consent. At the time of such disclosure and use, Tauber knew or had reason to know that her knowledge of the Trade Secrets was acquired under circumstances giving rise to a duty to maintain the secrecy, and limit the use, of the Trade Secrets.

56. Other than through Tauber's improper disclosure, the Trade Secrets are not known to the public and are not readily ascertainable by proper means to persons who could derive value from their disclosure or use.

57. ExamWorks has taken reasonable steps to maintain the secrecy of its Trade Secrets, including by, among other things, requiring confidentiality and/or nondisclosure agreements to be signed by any party granted access to ExamWorks' Trade Secrets. These confidential and proprietary Trade Secrets are of substantial economic value and have conferred a competitive advantage on ExamWorks.

58. Defendants have and will continue to misappropriate ExamWorks' Trade Secrets by using these Trade Secrets, without authority. By so doing, Defendant has used ExamWorks' proprietary Trade Secrets without permission and in violation of the Tauber's confidentiality obligations.

59. Defendants' misappropriation comprises acts, including without limitation use of ExamWorks' Trade Secrets, on or after the date of the enactment of the Defend Trade Secrets Act.

60. Defendants' current and continued misappropriation of ExamWorks' Trade Secrets is reckless and malicious. Defendants knew of the confidentiality, ownership, and use restrictions on the Trade Secrets, which Tauber agreed to abide by in signing the Agreement with ExamWorks.

980847v.1

61. As a result of Defendants' current and continued misappropriation of ExamWorks' Trade Secrets, ExamWorks will suffer imminent and irreparable harm. ExamWorks has no adequate remedy at law. Unless enjoined by this Court, Defendants' acts of misappropriation will continue and ExamWorks will continue to suffer irreparable harm.

## COUNT VI
### Misappropriation of Trade Secrets (Delaware Law)
*(Against All Defendants)*

62. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

63. ExamWorks is the owner of certain valuable Trade Secrets.. These Trade Secrets are for continuous use in the operation of ExamWorks' business.

64. Tauber is in possession of the foregoing ExamWorks Trade Secrets subject to the Agreement in which she expressly acknowledged and confirmed the confidential nature of these trade secrets.

65. Tauber's disclosure of the Trade Secrets to Dane Street, as well as her use of the Trade Secrets outside the scope of her employment with ExamWorks, constitute breaches of the Agreement.

66. Dane Street used the Trade Secrets as a result of discovery by improper means, namely, by inducing Tauber to disclose and use the Trade Secrets in violation of her obligations under the Agreement.

67. Other than through Tauber's improper disclosure, the Trade Secrets are not known to the public and are not readily ascertainable by proper means to persons who could derive value from their disclosure or use.

980847v.1

68. ExamWorks has taken reasonable steps to maintain the secrecy of its Trade Secrets, including by requiring confidentiality and/or nondisclosure agreements to be signed by any party granted access to ExamWorks' Trade Secrets. These confidential and proprietary Trade Secrets are of substantial economic value and have conferred a competitive advantage on ExamWorks.

69. Defendants have and will continue to misappropriate ExamWorks' Trade Secrets by using these Trade Secrets, without license or authorization. By so doing, Defendants have used ExamWorks' proprietary Trade Secrets without permission and in violation of Tauber's confidentiality obligations.

70. Defendants' current and continued misappropriation of ExamWorks' Trade Secrets is reckless and malicious. Defendants knew of the confidentiality, ownership, and use restrictions on the Trade Secrets, which Tauber agreed to abide by in signing the Agreement.

71. As a result of Defendants' current and continued misappropriation of ExamWorks' Trade Secrets, ExamWorks will suffer imminent and irreparable harm.

72. ExamWorks has no adequate remedy at law. Unless enjoined by this Court, Defendants' acts of misappropriation will continue and ExamWorks will continue to suffer irreparable harm.

## COUNT VII
### Breach of Fiduciary Duties
*(Against Defendant Tauber)*

73. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

74. As a former employee of ExamWorks, Tauber owed and continues to owe fiduciary duties of care, loyalty, and good faith to ExamWorks. These fiduciary duties include obligations to discharge his obligations to ExamWorks in good faith.

980847v.1

75. Tauber knowingly breached her fiduciary duties to ExamWorks.

76. Tauber failed to act in a manner consistent with her agency or trust, and failed to exercise the utmost good faith and loyalty in the performance of his duties to ExamWorks.

77. Tauber breached her fiduciary duties to ExamWorks by, among other things, disclosing ExamWorks' Trade Secrets and other confidential and proprietary information to Dane Street and using ExamWorks' Trade Secrets and other confidential and proprietary information outside the scope of her employment with ExamWorks.

78. Tauber has exploited ExamWorks' Trade Secrets and other confidential and proprietary information for the benefit of herself and others, including Dane Street.

79. As a proximate result of Tauber's breach of her fiduciary duties, ExamWorks has been damaged in an amount to be determined at trial.

### COUNT VIII
*Aiding and Abetting Breach of Fiduciary Duties*
*(Against Defendant Dane Street)*

80. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

81. As an employee of ExamWorks, Tauber owed and continues to owe fiduciary duties of care, loyalty, and good faith to ExamWorks.

82. Tauber's fiduciary duties include but are not limited to obligations to discharge her obligations to ExamWorks in good faith and maintain the confidentiality of ExamWorks' confidential and proprietary information.

83. Upon information and belief, Dane Street had actual knowledge of Tauber's duties and obligations because Dane Street knew that Tauber had previously been employed by ExamWorks.

980847v.1

84. Despite its knowledge of Tauber's fiduciary duties and obligations, Dane Street has knowingly induced Tauber to breach her fiduciary duties of care, loyalty, and good faith to ExamWorks and participated in those breaches by, among other things, disclosing and using ExamWorks' Trade Secrets on behalf of Dane Street.

85. Dane Street's actions in aiding and abetting these breaches of fiduciary duty were and are intentional, illegal, and have been engaged in for the specific purpose of aiding and abetting Tauber to breach her fiduciary duties to ExamWorks.

86. As a proximate result of Dane Street's aiding and abetting of breach of fiduciary duties, ExamWorks has been damaged, and Dane Street has been unjustly enriched, in an amount to be determined at trial.

### COUNT IX
*Unjust Enrichment*
*(Against Defendant Dane Street)*

87. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

88. Dane Street has been enriched and has benefited from its use of ExamWorks' Trade Secrets and has gained an unfair commercial advantage over ExamWorks.

89. Dane Street has been enriched at ExamWorks' expense, as ExamWorks has devoted substantial amounts of time, effort, money, talent, and creativity to the development of its Trade Secrets.

90. Given Dane Street's inequitable misconduct, including its intentional and knowing misappropriation of ExamWorks' Trade Secrets for the purpose of exploiting and utilizing the Trade Secrets for its own financial benefit, equity and good conscience require restitution.

### COUNT X
**Permanent Injunction**

980847v.1

*(Against All Defendants)*

91. ExamWorks re-states, re-alleges and incorporates by reference all of the allegations set forth in each of the preceding paragraphs as if fully set forth.

92. Defendants' actions in competing with ExamWorks has caused and will continue to cause irreparable harm to ExamWorks, including the irreparable injury to and loss of competitive advantage, customer and vendor relationships, and panel physician relationships.

93. Defendants' use of proprietary information to compete with ExamWorks has caused and will continued to cause irreparable harm to ExamWorks, including the irreparable injury to, and loss of, competitive advantage and customer relationships.

94. Defendants' solicitation of customers with whom ExamWorks enjoys productive business relationships has caused and will continued to cause irreparable harm to ExamWorks, including the loss of good will, reputation, customer relationships, talent, and other valuable business assets of ExamWorks.

95. ExamWorks has no adequate remedy at law.

96. Tauber should be permanently enjoined from further breaching her duties and obligations under the Agreement that could cause, or magnify, injury to ExamWorks.

97. Dane Street should be permanently enjoined from further making any use whatsoever of any of ExamWorks' Trade Secrets.

**PRAYER FOR RELIEF**

a. Finding that Tauber has breached her contractual obligations to ExamWorks;

b. Finding that each of the Defendants has tortiously interfered with ExamWorks' prospective economic advantage;

980847v.1

c. Finding that Dane Street has tortiously interfered with ExamWorks' Agreement with Tauber;

d. Finding that each of the Defendants has engaged in unfair competition;

e. Finding that each of the Defendants has misappropriated ExamWorks' Trade Secrets;

f. Finding that Tauber has breached her fiduciary duties to ExamWorks;

g. Finding that Dane Street has aided and abetted Tauber's breach of her fiduciary duties to ExamWorks;

h. Finding that Dane Street unjustly enriched itself at ExamWorks' expense;

i. Enjoining Defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with it, from:

> 1) With respect to Tauber, disclosing to Dane Street or anyone acting on its behalf any of ExamWorks' Trade Secrets;
>
> 2) With respect to Tauber, violating the non-solicitation provisions of her Agreement; that Tauber be enjoined, for the period from the present through the date that is two years from the date of entry of judgment, from being employed by, otherwise working or having any business relationship with any competitor of ExamWorks or otherwise competing with ExamWorks with respect to ExamWorks' business or present or prospective customers;
>
> 3) With respect to Dane Street, inducing any current or former employees of ExamWorks to disclose any of ExamWorks' Trade Secrets;
>
> 4) With respect to Dane Street, making any use whatsoever of any of ExamWorks' Trade Secrets;

980847v.1

     5) With respect to Dane Street, interfering with the Confidentiality and Non-Compete Agreements between ExamWorks and any of its current or former employees.

     6) With respect to Tauber and all those acting in concert or participation with her, be enjoined from contacting, or doing any business with, any present or prospective customer of ExamWorks, utilizing any information confidential or proprietary to ExamWorks;

     7) With respect to Tauber and all those acting in concert or participation with her, be preliminarily and permanently enjoined from disclosing or utilizing any confidential or proprietary information and trade secrets of ExamWorks;

     8) With respect to Tauber, to identify anyone with whom she already has shared any confidential or proprietary information and trade secrets of ExamWorks;

j. Requiring that an impartial monitoring system be implemented to insure that no further wrongful conduct, or confidential information disclosure or use by Defendants, will take place, which system is to include periodic certifications of compliance by Defendants;

k. Requiring that Defendants account for all revenue and profits received by them or any entity with whom they are associated from any present or prospective customer of ExamWorks;

l. Order Defendants to take affirmative actions to protect ExamWorks' Trade Secrets, including without limitation a seizure of all documents or information in Defendants' possession that concerns or relates to ExamWorks' Trade Secrets;

m. Awarding ExamWorks damages in an amount to be determined at trial, plus interest, as a result of Defendants' misappropriation of ExamWorks' trade secrets;

980847v.1

    n. Awarding ExamWorks all expenses for this action, including costs and fees; and

Award such other and further relief as the Court may deem just and proper;

    o. Awarding lost profits and compensatory damages;

    p. Awarding punitive damages for Defendants' intentional and tortious conduct; and

    q. Such other and further relief as the Court may deem just and proper.

By: /s/ *Elizabeth B. Sandza*
Elizabeth B. Sandza, Esq.
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
700 11th Street, NW, Suite 400
Washington, D.C. 20001
202.626.9091 (Direct)
202.494.8811 (Cell)
202.626.7660 (Main)
202.628.3606 (Fax)
elizabeth.sandza@wilsonelser.com

980847v.1