UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EXAMWORKS, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>BRITTANY TAUBER<br><br>And<br><br>DANE STREET LLC,<br><br>   Defendants. | Case No. 1:18-cv-01638-MN |

**DEFENDANT BRITTANY TAUBER'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Brittany Tauber ("Answering Defendant"), by and through her undersigned attorneys, MACELREE HARVEY, LTD, hereby responds to the Complaint filed by Plaintiff as follows:

**INTRODUCTION**

1. Admitted Plaintiff ExamWorks, LLC ("Plaintiff") brings this action seeking a permanent injunction and damages in connection with the alleged breach of a Non-Solicitation and Confidential Protection Agreement ("Agreement"). In all other respects, denied. By way of further answer, Plaintiff has failed to state any factual allegations in support of their contention that Defendants have breached the Agreement and failed to attach a copy of the Agreement to its Complaint, which they seek to enforce against Answering Defendant, an entry-level, non-exempt employee paid $15 per hour.

## PARTIES JURISDICTION AND VENUE

2. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information necessary to form a belief as to the accuracy of this paragraph of Plaintiff's Complaint. These allegations are therefore denied.

3. Admitted.

4. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information necessary to form a belief as to the accuracy of this paragraph of Plaintiff's Complaint. These allegations are therefore denied.

5. Denied. The allegations set forth in this paragraph of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, this paragraph is denied. By way of further response, Answering Defendant specifically denies the amount in controversy exceeds the jurisdictional threshold amount of $75,000.00.

6. Denied. The allegations set forth in this paragraph of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, this paragraph is denied.

7. Admitted in part, denied in part. Admitted that the Agreement between Plaintiff and Answering Defendant had a forum selection clause providing for actions to enforce or invalidate the Agreement to be brought in a federal or state court in New Castle County, Delaware. The remainder of the allegations contained in this paragraph are denied.

8. Admitted.

## FACTS COMMON TO ALL COUNTS

9. Admitted.

10. Admitted in part, denied in part. Answering Defendant admits that "Client Coordinator" was the job title on her job description and that she handled and responded to incoming inquiries received from clients. The remainder of the allegations in this paragraph are denied.

11. Admitted.

12. Admitted in part, denied in part. Admitted that Plaintiff deemed certain information confidential and that a requirement of Answering Defendant's position was to maintain confidentiality. In other respects, denied.

13. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information necessary to form a belief as to the accuracy of this paragraph of Plaintiff's Complaint. These allegations are therefore denied.

14. Admitted in part, denied in part. Admitted that Answering defendant signed the Agreement on or about January 20, 2017. Any and all inference that the Agreement is legally enforceable is denied.

15. Denied.

16. Denied. This paragraph refers to a writing, which Plaintiff has not attached to the Complaint.

17. Denied. This paragraph refers to a writing, which Plaintiff has not attached to the Complaint.

18. Denied. This paragraph refers to a writing, which Plaintiff has not attached to the Complaint.

19. Admitted.

20. Admitted.

21. Denied.

22. Admitted in part, denied in part. It is admitted that Answering Defendant accepted employment with Defendant Dane Street. Answering Defendant is without sufficient knowledge or information necessary to form a belief as to the accuracy of the remainder of this paragraph. These allegations are therefore denied.

23. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information necessary to form a belief as to the accuracy of this paragraph of Plaintiff's Complaint. These allegations are therefore denied.

24. Denied.

## COUNT I
## Breach of Contract
## (Against Defendant Tauber)

25. Answering Defendant incorporates paragraphs 1-24 of her Answer to Plaintiff's Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## COUNT II
## Tortious Interference with Prospective Economic Advantage
## (Against All Defendants)

30. Answering Defendant incorporates paragraphs 1-29 of her Answer to Plaintiff's Complaint.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT III

**Tortious Interference with Contract
(Against Defendant Dane Street)**

37. Answering Defendant incorporates paragraphs 1-36 of her Answer to Plaintiff's Complaint.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT IV
**Unfair competition
(Against All Defendants**

43. Answering Defendant incorporates paragraphs 1-42 of her Answer to Plaintiff's Complaint.

44. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information necessary to form a belief as to the accuracy of this paragraph of Plaintiff's Complaint. These allegations are therefore denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT V
## Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836)
## (Against All Defendants)

48. Answering Defendant incorporates paragraphs 1-47 of her Answer to Plaintiff's Complaint.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## COUNT VI
## Misappropriation of Trade Secrets (Delaware Law)
## (Against All Defendants)

62. Answering Defendant incorporates paragraphs 1-61 of her Answer to Plaintiff's Complaint.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT VII
## Breach of Fiduciary Duties
## (Against Defendant Tauber)

73. Answering Defendant incorporates paragraphs 1-72 of her Answer to Plaintiff's Complaint.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT VIII
## Aiding and Abetting Breach of Fiduciary Duties
## (Against Defendant Dane Street)

80. Answering Defendant incorporates paragraphs 1-79 of her Answer to Plaintiff's Complaint.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## COUNT IX
## Unjust Enrichment
## (Against Defendant Dane Street)

87. Answering Defendant incorporates paragraphs 1-86 of her Answer to Plaintiff's Complaint.

88. Denied.

89. Denied.

90. Denied.

## COUNT X
## Permanent Injunction
## (Against All Defendants)

91. Answering Defendant incorporates paragraphs 1-90 of her Answer to Plaintiff's Complaint.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## AFFIRMATIVE DEFENSES

Answering Defendant asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate or available in this action.

1. Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Count II of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Count III of Plaintiff's Complaint fails to state a claim upon which relief may be granted. There is no recognizable "unfair competition" claim recognized under Delaware law.

4. Count V of Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff's Complaint fails to plead sufficient facts to support the alleged violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836. Answering Defendant did not engage in prohibited conduct under 18 U.S.C. § 1836, or any other statute, law or regulation.

5. Count VI of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6. Count VII of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

7. Count X of Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff has failed to plead sufficient facts in support of its claims.

8. This Court lacks personal jurisdiction over Answering Defendant.

9. This Court lacks subject matter jurisdiction over Plaintiff's Complaint.

10. The Agreement sought to be enforced by Plaintiff is legally unenforceable.

11. The claims contained in the Complaint are barred, in whole or in part, under the equitable doctrine of estoppel.

12. The claims contained in the Complaint are barred, in whole or in part, under the equitable doctrine of waiver.

13. The claims contained in the Complaint are barred, in whole or in part, under the equitable doctrine of laches.

14. The claims contained in the Complaint are barred, in whole or in part, under the equitable doctrine of unclean hands.

15. Plaintiff has failed to demonstrate a reasonable probability of success on the merits.

16. Plaintiff has not and will not suffer irreparable harm that is caused, directly or proximately, by Answering Defendant.

17. The relief sought by Plaintiff will result in even greater harm to Answering Defendant.

18. The relief sought by Plaintiff is not in the public interest.

19. The injunctive relief sought by Plaintiff, if granted, would cause Defendant undue hardship.

WHEREFORE, Answering Defendant respectfully requests that the Court enter an Order as follows:

A. Dismissing Plaintiff's Complaint and requests for relief with prejudice;

B. Entering judgment for Answering Defendant on each of Plaintiff's claims;

C. Directing Plaintiff to pay Answering Defendant's costs and attorneys' fees in defending its claims; and

D.  Granting Answering Defendant such other relief as this Court deems just and fair.

        **MacELREE HARVEY, LTD.**

        */s/ Tiffany M. Shrenk*
        Tiffany M. Shrenk (#5526)
        5721 Kennett Pike
        Centreville, DE  19807
        (302) 654-4454
        (302) 654-4954 (*fax*)
        tshrenk@macelree.com

        *Attorney for Defendant*
        *Brittany Tauber*

Dated:  December 21, 2018